# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **SUSAN MILLER** | * | **CIVIL ACTION** |
| **Plaintiff** | * | **NO. 2:22-359** |
| **VERSUS** | * | **SECTION** |
| **MICHAELS STORES, INC d/b/a MICHAELS** | * | **JUDGE:** |
| **Defendants** | * | |

**************************************************************************

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, **SUSAN MILLER,** a person of the full age of majority and resident of and domiciliary of St. Tammany Parish, State of Louisiana, who respectfully submit the following Complaint

### INTRODUCTION

1.

This cause of action arises out of a slip and fall that occurred on or about February 15, 2021, in the Parish of St. Tammany, State of Louisiana.

### THE DEFENDANTS

2.

Made defendants herein are:

A. **MICHAEL'S STORES, INC. d/b/a MICHAELS**, is a foreign corporation incorporated by a State other than the State of Louisiana, but doing business within the Parish of St. Tammany, State of Louisiana, with its business located at 300 Town Center Pkwy, Slidell, LA 70458.

Said Defendants are justly and truly indebted unto your Petitioner herein for the following reasons, to wit:

## JURISDICTION AND VENUE

3.

This Court has jurisdiction over this proceeding pursuant to 28 USC 1332 due to complete diversity between the parties and the amount in controversy exceeds the jurisdictional threshold of $75,000.00, exclusive of interest and costs.

4.

Venue is proper in this Court pursuant to 28 USC 1391(b)(2) as the district in which a substantial part of the events giving rise to this claim occurred.

## FACTS

5.

On or about February 15, 2021, Petitioner, SUSAN MILLER, was an invited customer and patron of Defendant, MICHAELS STORES, INC. d/b/a MICHAELS, located at 300 Town Center Pkwy, Slidell, LA 70458.

6.

At that same time, Petitioner, SUSAN MILLER upon arriving at the premises through the side entracnce doors of Defendant, MICHAELS STORES, INC. d/b/a MICHAELS, located at 300 Town Center Pkwy, Slidell, LA 70458, suddenly and without warning, slipped and fell on a substance which had been allowed to accumulate at the entrance to which Defendant thorugh its employees, either constructively or actually caused to create a dangerous condition to the patrons of Defendant's store, causing your Petitioner to fall and sustain significant injuries and damages.

7.

At all times relevant herein, Defendant, MICHAELS STORES, INC. d/b/a MICHAELS, owned and/or leased and/or managed and/or was responsible for maintaining the premises located at 300 Town Center Pkwy, Slidell, LA 70458.

8.

Upon information and belief, the substance on the floor had been there for some time prior to Petitioner slipping.

9.

There were no warning signs at or near the immediate area where the substance on the floor was present and located.

10.

Defendant, MICHAELS STORES, INC. d/b/a MICHAELS knew or should have known of the existence of the condition of its floor at the time of the accident herein sued upon.

11.

At the time of the accident herein sued upon, the defendants, MICHAELS STORES, INC. d/b/a MICHAELS, were responsible for Michaels Store, the store in question where petitioner, SUSAN MILLER, was injured.

12.

At the time of the accident herein sued upon, the defendant, MICHAELS STORES, INC. d/b/a MICHAELS was the custodian of Michaels Store in question where the petitioner, SUSAN MILLER, was injured.

13.

At the time of the accident herein sued upon, the defendant, MICHAELS STORES, INC. d/b/a MICHAELS had care, custody, and control of the store in question where the petitioner, SUSAN MILLER was injured.

14.

At the time of the accident herein sued upon, defendant, MICHAELS STORES, INC. d/b/a MICHAELS was responsible for the maintenance of the area in question where the petitioner, SUSAN MILLER, was injured.

15.

The defendants, MICHALES STORES, INC. d/b/a MICHAELS knew or should have known of the unreasonably dangerous condition the area in question possessed where the petitioner, SUSAN MILLER was injured.

16.

Petitioner pleads the doctrine of strict liability.

17.

Petitioner, SUSAN MILLER was injured as a result of this accident and suffered severe and disabling injuries.

18.

Defendant, MICHAELS STORES, INC. d/b/a MICHAELS is liable unto petitioner for the actions and /or inactions of their employee(s), and all causes of action asserted herein pursuant to La. Civ. Code Art. 2320 and the doctrines of Respondeat Superior and Vicarious Liability.

4

19.

Petitioner was not at fault nor was she contributorily negligent. The above described accident, resulting injuries, and damages were caused solely by the negligence and/or fault of the defendants MICHAELS STORES, INC. d/b/a MICHAELS in the following particulars:

a. Failure to properly mark and warn of such hazards;

b. Failure to maintain and service its entrances and floors;

c. Failure to keep its entrances and floors in proper working order;

d. Failure to inspect its entrances and floors for such hazards;

e. Failing to take reasonable steps to maintain and insure safety of others;

f. Creating and exposing others to a hazardous condition;

g. Failure to warn of hazardous conditions;

h. Failure to maintain and service areas in question;

i. Failure to train, supervise, and/or oversee employees;

j. Disregard for the safety of business invitees, patrons, and other individuals similarly situated;

k. Failure to provide business invitees, patrons, and other individuals similarly situated with a safe means of entering and traversing the store;

l. Failure to exercise reasonable and prudent care under the circumstances;

m. Failure to maintain its entrances and floors in a condition free of defects/hazardous conditions;

n. Failure to take appropriate action to remedy defects and hazardous conditions after having actual or constructive knowledge of same;

o. Defendants either created or had actual or constructive notice of the hazardous condition which caused petitioner's damage prior to the accident;

p. Failing to implement maintenance/cleaning polices for its entrances;

q. Failing to abide by Defendant's own maintenance polices, if any;

r. Failing to properly supervise and instruct its employees to discover, report, and remedy defects and hazardous conditions, and/or maintain the area which had the crumpled rug;

s. In allowing and/or maintaining an unusually dangerous situation;

    t.      The Michaels Store in question was understaffed, not enough other employees in store at time of accident;

    u.      Reckless and careless conduct; and,

    v.      Any and all other acts of negligence, which will be proven at the trial of this matter.

20.

As a result of this accident, petitioner, SUSAN MILLER, suffered the following, among other, injuries:

    a.      Injuries to the head, back, neck, and/or spine, arm, elbow, wrist, shoulder, knees ankle and knees;

21.

As a result of the above described accident, petitioner, SUSAN MILLER, sustained the following damages:

    a.      Physical pain and suffering (past, present, & future);
    b.      Mental pain and anguish (past, present, & future);
    c.      Medical expenses (past, present, & future);
    d.      Loss of enjoyment of life (past, present, & future); and,
    e.      Physical disability and limitation of activities, hobbies, and endeavor.

22.

Petitioner, SUSAN MILLER, further shows and represents that the defendants, MICHAELS STORES, INC. d/b/a MICHALES is liable, jointly, severally, unto petitioner in strict liability and/or negligence according to La. Civ. Code Art.[s] 2315, 2316, 2317, 2317.1.

23.

It will be necessary to present expert witness testimony at during the perpetration and/or trial on the merits of the case and as such, SUSAN MILLER desires that all such costs be taxed as court cost and assessed against the defendants.

**WHEREFORE**, petitioner prays:

a.    That defendants, MICHAELS STORES, INC. d/b/a MICHAELS, be served with a copy of this Petition and duly cited to appear and answer same;

b.    That after due proceedings had there be judgment rendered herein in favor of petitioner and against the defendants, jointly and *in solido*, for such damages as are reasonable in the premises, together with the maximum legal interest from the date of judicial demand until paid, and for all costs of this proceedings;

c.    For full, general, and equitable relief;

d.    In accordance with Louisiana Code of Civil Procedure Article 1572, plaintiff requests that the Clerk furnish to undersigned counsel of record, written notice by mail ten (10) days in advance of the date fixed for trial or hearing of the case, whether exceptions, motions, or rules; or an immediate notice of all others or judgments, whether interlocutory or final, made or rendered in this case, all as provided by Louisiana Code of Civil Procedure Articles 1913, 1914, including notice of judgment in the event this case is taken under advisement or if the judgment is not signed at the conclusion of the trial. Request is also hereby made for all other notices, which may be requested under applicable law.

Respectfully submitted,
**MOTTA LAW LLC**

*/s/ Vanessa Motta*
**VANESSA MOTTA** (LSBA #36915)
Motta Law, LLC
3632 Canal Street
New Orleans, LA 70119
Tel: (504)500-7246
Fax: (504)513-3122
Email: vanessa@mottalaw.com
*Attorneys for Plaintiff, Susan Miller*

**PLEASE SERVE:**

MICHAELS STORES INC d/b/a MICHAELS
through its Registered Agent for Service of Process:
Corporation Service Company
501 Louisiana Ave
Baton Rouge, LA 70802