UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SUSAN MILLER | * | CIVIL ACTION |
| VERSUS | * | NO. 22-359 |
| MICHAEL'S STORES INC, D/B/A MICHAEL'S | * | SECTION "B" (2) |

## ORDER AND REASONS

Before me on an expedited basis is Plaintiff Susan Miller's Motion to Enforce Subpoena Response. ECF Nos. 44, 45, 48. Defendant Michael's Stores, Inc. ("Michael's") timely filed an Opposition Memorandum. ECF No. 55. No party requested oral argument in accordance with Local Rule 78.1, and the Court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Plaintiff's motion (ECF No. 44) is DENIED for the reasons stated herein.

## I.  BACKGROUND

Plaintiff Susan Miller filed this personal injury action alleging that she slipped and fell at a Michael's store in Slidell, Louisiana. ECF No. 1 ¶6, at 2. She seeks damages for:

- past, present, and future physical pain and suffering;
- past, present, and future mental pain and anguish;
- past, present, and future medical expenses;
- past, present, and future loss of enjoyment of life; and
- physical disability and limitation of activities, hobbies, and endeavor.

ECF No. 1 ¶21, at 6. Trial is now scheduled for June 26, 2023, with a discovery deadline of May 9, 2023. ECF No. 26.

During discovery, plaintiff requested information regarding Michael's surveillance footage of the incident and its internal policies for preserving video footage. ECF No. 36-4 at 2. Michael's responded that there were no "surveillance cameras in the area where this incident occurred. *Id*.

1

However, plaintiff later obtained emails from Michael's that indicated that it had two surveillance cameras at the store's entrance, and that its claims manager advised a store employee to preserve footage from 30 minutes before and after the incident. ECF No. 36-3 at 3. Judge Lemelle ordered the defendant to produce to plaintiff and submit to the court via a flash drive for *in camera* review, any surveillance footage of the alleged incident, and that if such footage did not exist or could not be produced, file a verified statement explaining why it is unavailable. ECF No. 26 at 1.

Michael's subsequently produced footage from two cameras, one directed at the front entrance and the other directed at the cash registers. ECF No. 43 at 2. The court described the footage as follows:

> The camera directed at the front entrance does not seem to capture plaintiff's fall in the frame. The video is time stamped starting at 2:45:00 on February 14, 2021, and at around 53 seconds in, plaintiff can be seen entering the second set of doors to defendant's shop, at 55 seconds, plaintiff exits the frame entirely, then at 57 seconds plaintiff is seen reentering the frame near the ground. This video continues for 21 additional minutes. The second video provided also appears to start at 2:45:00 on February 14, 2021, but is directed at the cash registers and does not catch plaintiff's alleged fall. At 57 seconds into this video, other customers are observed turning their head in the same direction and walking out of frame. Plaintiff is not seen in this video until 10 minutes and 18 seconds into the video when she appears to get in line to check out. Plaintiff then leaves the frame for the duration of the video at 3:05:42.

ECF No. 43 at 2. Michael's also filed a verified statement explaining why the video was not provided at the plaintiff's discovery request, stating that "because Michael's Stores does not have any video surveillance showing the floor where plaintiff allegedly fell, it responded that it did not have any responsive documentation or information." ECF No. 29 at 2.[1]

---

[1] Plaintiff filed a spoliation motion regarding the video footage, which the court denied. ECF Nos. 36, 43. The Court found that Michael's had not acted in bad faith by not initially providing the information because the plaintiff requested information regarding footage of the incident, and the video surveillance did not contain footage evidencing Michael's had knowledge of a hazardous condition. ECF No. 43.

On April 12, 2023, plaintiff issued a Notice of Records Deposition to Michael's claims manager Gallagher Bassett, requesting the following documents:

1. A certified copy of all emails, correspondence, written memorandum between any and all representatives of Gallagher Bassett Services, Inc. and any representative of Michaels Stores Inc. regarding the claim of Susan Miller for an accident that occurred at the Michaels Store in Slidell, Louisiana on February 15, 2021

2. Any and all emails, correspondence or other written documentation between any individual employed with Gallagher Bassett Services, Inc. and Erin Varner regarding the claims of Susan Miller whereupon Gallagher Bassett Services Inc. advised any representative of Michaels on what documents and/or surveillance videos from the Michaels Store to retain. In your response be sure to include all emails and/or correspondence whereupon Gallagher Bassett informed any representative of Michaels that they did not have to retain certain video surveillance showing Michael's employees bringing mops or "wet floor" signs to mop the floor or warn patrons of Michaels of any condition on the floor on the date of Susan Miller's accident which gives rise to this litigation.

3. Any and all emails, correspondence or other written documentation between any individual employed with Gallagher Bassett Services, Inc. and/or any employees of Michaels Stores Inc., including but not limited to Lucia Stanchec regarding the claims of Susan Miller.

4. Any and all emails, correspondence or other written documentation between any individual employed with Gallagher Bassett Services, Inc. and any representative of Michaels Stores Inc. concerning the retention of any and all video surveillance evidence regarding a slip and fall involving Susan Miller which occurred at Michaels Stores, Inc.

5. Any and all emails, correspondence or other written documentation between any individual employed with Gallagher Bassett Services, Inc. and any representative of Michaels Stores Inc. whereupon Gallagher Bassett discussed which surveillance videos Michaels should retain in connection with the claim of Susan Miller. In your response, include all other emails that any representative of Gallagher Bassett Services Inc., may have consulted in any other written documentation, emails or memorandum where Gallagher Bassett Services Inc relied upon to inform Michael's which surveillance videos to retain, how far back to retain them and any advise, consults or recommendations which were made to not retain any surveillance video.

6. Provide a copy of the Gallagher Bassett Services Inc., policies, and procedures for the retention of emails on any claim which Gallagher Bassett Services Inc., receives or sends on any claim that is reviewed, advised, adjusted and/or reviewed by Gallagher Bassett Services, Inc., members, representatives and/or employees.

> 7. If you refuse to produce any of the emails, memorandum or other correspondence requested above because you claim that any such items are privileged, then provide a privilege log which contains the date of the document, whether the document(s) are an email, letter, memorandum or otherwise, include the author(s) of the document and all recipients of said document(s), along with a brief synopsis of why you claim the document(s) is/are privileged.

ECF No. 44-6.

On May 5, 2023, Gallagher Bassett objected to each request with almost identical language, claiming that the requests were overly broad, unduly burdensome, irrelevant, and requested information protected as work product and by attorney-client privilege. ECF No. 44-7. Plaintiff then filed this motion to enforce the subpoena duces tecum. ECF No. 44. She argues that (a) the subpoena is not overly broad or unduly burdensome; (b) because Michael's produced some video footage after originally indicating the area was not under surveillance, the subpoenaed information is necessary to understand the company's procedures; and (c) Gallagher Bassett's objections and claims of privilege are not sufficiently specific. ECF No. 44.

In opposition, Michael's argues that the subpoena cannot be enforced because it was filed after the discovery deadline, and alternatively, the subpoena is overly broad and should not be granted because the court previously found the footage neither shows the incident nor contains evidence that Michael's had actual or constructive knowledge of a hazardous condition.

## II. APPLICABLE LAW

### A. Procedural Requirements

The Federal Rules of Civil Procedure do not recognize a "Notice of Records Deposition" device, such as that issued by plaintiff in this case, although state court practitioners often issue same in conjunction with a Rule 45 subpoena duces tecum. Regardless, in federal court, Rule 45 specifies the procedure to obtain documents from third parties, and it mandates that the subpoena include the language of subparts (d) and (e). FED. R. CIV. P. 45(a)(1)(A). Under Rule 45, a party

4

may serve a subpoena duces tecum that commands a nonparty to whom it is directed to produce designated documents at a specified time and place. FED. R. CIV. P. 45(a)(1)(A)(iii). Rule 45(b)(1) specifies the proper procedure to serve a subpoena: "Serving a subpoena requires delivering a copy to the named person . . . ." FED. R. CIV. P. 45(b)(1).[2] Further, the subpoena must be served on all parties before being served on the non-party. FED. R. CIV. P. 45(a)(4).

Moreover, as discovery devices, subpoenas must be issued within the governing discovery deadlines. 9A FED. PRAC. & PROC. CIV. § 2459. As a form of discovery, subpoenas are subject to all of the strictures governing discovery, including Scheduling Order deadlines.[3] Courts generally look to the deadline for completion of discovery in considering whether a discovery motion has been timely filed.[4] "It is axiomatic that to complete discovery means that all disputes

---

[2] *See In re Dennis*, 330 F.3d 696, 704 (5th Cir. 2003) ("[T]he rule indicates that proper service requires . . . personal delivery of the subpoena . . . ."); *Weiss v. Allstate Ins. Co.*, 512 F. Supp. 2d 463, 466 (E.D. La. 2007) ("[S]ervice is improper if the person himself is not served with a copy of the subpoena"); *Scottsdale Ins. Co. v. Educ. Mgmt., Inc.*, No. 04-1053, 2007 WL 2127798, at *3 (E.D. La. July 25, 2007) (citing CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROC. CIV. § 2454 (2d ed. 1995) and cases cited therein) ("A majority of courts in various jurisdictions require personal service of a subpoena and will not allow the alternate forms of service."); *see also Accurso v. Cooper Power Sys., Inc.*, No. 06-848S, 2008 WL 2510140, at *4–5 (W.D.N.Y. June 19, 2008) (holding that Rule 45's requirement of "delivering" means personal service because "the subpoena extends the Court's jurisdiction over an unwilling non-party and there must be assurance that this nonparty actual[ly] receives this Court process"); *F.T.C. v. Compagnie de Saint-Gobian-Pont-a-Mousson*, 636 F.2d 1300, 1312–13 (D.C. Cir. 1980) (distinguishing Rule 4 service by mail as effectuating notice from Rule 45 service as compulsion and noting that "compulsory process may be served upon an unwilling witness only in person").

[3] *Louisiana Corral Mgmt., LLC v. Axis Surplus Ins. Co.*, No. 22-2398, 2023 WL 1074121, at *2 (E.D. La. Jan. 26, 2023).

[4] *See Days Inn Worldwide, Inc. v. Sonia Invs.*, 237 F.R.D. 395, 399 (N.D. Tex. 2006) (denying motion to compel as untimely when filed two weeks after discovery deadline); *Mollinger–Wilson v. Quizno's Franchise Co.*, 122 F. App'x 917, 920, 923, (10th Cir. 2004) (finding no abuse of discretion in district court's holding that *pro se* plaintiffs' motion to compel depositions was untimely because the deadline for discovery had expired, plaintiffs had not employed previous opportunities to take depositions, and plaintiffs had presented inadequate proof that additional depositions were necessary); *Kalis v. Colgate–Palmolive Co.*, 231 F.3d 1049, 1058 (7th Cir. 2000) (finding no abuse of discretion in denying motion to compel filed four months after discovery had closed and after summary judgment motion was filed) (citations omitted); *Ginett v. Fed. Express Corp.*, No. 97-5481, 1998 WL 777998, at *5 (6th Cir. 1998) (finding no abuse of discretion when the trial court denied a motion to compel filed two months after the discovery deadline, because the plaintiff knew of the document at issue long before the discovery deadline) (citation omitted); *Ayala–Gerena v. Bristol Myers–Squibb Co.*, 95 F.3d 86, 94 (1st Cir. 1996) (finding no abuse of discretion by the district court in denying "what was clearly Appellants' untimely motion to compel document production" where "Appellants waited more than one month after the second extended discovery deadline had elapsed to properly request an order from the district court"); *Flynn v. Health Advoc., Inc.*, No. 03-3764, 2005 WL 288989, at *8 (E.D. Pa. Feb. 8, 2005) (holding a motion to compel was untimely as plaintiff filed it seventy-six days after discovery closed and over three weeks after summary judgment motions and plaintiff was aware of deficiencies two months before discovery closed) (citing cases), *aff'd by* 169 F. App'x 99 (3rd Cir. 2006); *Banks v. CBOCS West, Inc.*, No. 01-0795, 2004 WL 723767,

relative to discovery . . . must be filed and resolved prior to the discovery deadline."[5]  Indeed, the Fifth Circuit has confirmed the district court's discretion to deny as untimely a motion filed after expiration of the discovery deadline.[6]

### B. Scope of Discovery

Although governed in the first instance by Rule 45, non-party subpoenas are also subject to the parameters of Rule 26.[7]  "Both Rules 45 and 26 authorize the court to modify a subpoena duces tecum when its scope exceeds the boundaries of permissible discovery or otherwise violates the parameters of Rule 45."[8]  Rule 26 limits the scope of discovery to "any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26(b)(1).

---

at *2 (N.D. Ill. Apr. 1, 2004) (holding motion to compel filed two months after the close of discovery was clearly untimely despite busy schedule of counsel because counsel was aware of unresolved issues prior to discovery deadline, opposing party would be prejudiced, and dispositive motions would be delayed); *Willis v. New World Van Lines, Inc.*, 123 F. Supp. 2d 380, 401 (E.D. Mich. 2000) (denying a motion to compel discovery filed four months after the discovery deadline and five days before a hearing on a summary judgment motion).

[5] *Parkcrest Builders, LLC v. Hous. Auth. of New Orleans*, No. 15-1533, 2017 WL 4156499, at *2 (E.D. La. Sept. 19, 2017) (Roby, M.J.) (quoting *Fairley v. Wal-Mart Stores, Inc.*, No. 14-0462, 2016 WL 2992534, at *1 (E.D. La. May 24, 2016) (Roby, M.J.)); *see also Rahman v. ExxonMobil Corp.*, No. 18-894, 2020 WL 354320, at *10 (M.D. La. Jan. 21, 2020) ("A request for discovery from a party 'must be served at least thirty days prior to the completion of discovery' to be considered timely" and thus quashing a document request served 14 days before discovery deadline as untimely) (citation omitted); *Hall v. State of La.*, No. 12-657, 2014 WL 2560715, at *1 (M.D. La. June 6, 2014) (citations omitted) (holding discovery requests served on party 14 days before discovery deadline were untimely as the party had 30 days to respond to such discovery requests).

[6] *Brand Servs., L.L.C. v. Irex Corp.*, 909 F.3d 151, 156 (5th Cir. 2018) (citing *Vann v. Gilbert*, 482 F. App'x 876, 879 (5th Cir. 2012) (per curiam) (affirming summary judgment and finding no abuse of discretion in denying a motion to compel where the scheduling order required all discovery to be completed by a specific date and the motion was filed after that date); *Curry v. Strain*, 262 F. App'x 650, 652 (5th Cir. 2008) (per curiam) (finding no abuse of discretion where the district court dismissed a motion to compel in part because it was filed almost one month after the discovery deadline)).

[7] *In re Application of Time, Inc.*, No. 99-2916, 1999 WL 804090, at *7 (E.D. La. Oct. 6, 1999), *aff'd,* 209 F.3d 719 (5th Cir. 2000).

[8] *Hahn v. Hunt*, No. 15-2867, 2016 WL 1587405, at *2 (E.D. La. Apr. 20, 2016) (citing Fed. R. Civ. P. 45(d)(3); 26(c)(1)(D)).

Rule 45 also provides additional protections to non-parties.  Specifically, the party issuing a subpoena to a non-party "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." FED. R. CIV. P. 45(d)(1).  The court determines whether a subpoena is unduly burdensome by applying a six-factor test.[9]  The court considers "(1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed."[10]  In addition, when the subpoena is directed to a non-party, "the court may also consider the expense and inconvenience to the non-party."[11]  Whether a burdensome subpoena is reasonable 'must be determined according to the facts of the case,' such as the party's need for the documents and the nature and importance of the litigation."[12]

### III.   ANALYSIS

In this case, plaintiff has not filed a copy of the subpoena duces tecum that she issued, nor has she provided any evidence of service.  Until this is accomplished, there is no valid subpoena for the court to enforce.[13]  Moreover, the revised Scheduling Order establishes a discovery deadline of May 9, 2023.  ECF No. 26.  Plaintiff filed this motion to enforce the subpoena on May 25, 2023, and she failed to seek an extension of the court's discovery deadline.  ECF No. 44 at 1.  As plaintiff failed to file this motion to enforce within the discovery deadline, it is untimely.

---

[9] *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004).
[10] *Id.* (citing *Williams v. City of Dallas*, 178 F.R.D. 103. 109 (N.D. Tex. 2004)).
[11] *Id.* (citing *Williams*, 179 F.R.D. at 109).
[12] *Id.* (citation omitted).
[13] *See, e.g., Davis v. Fourth Cir. Ct. of Appeal*, No. 15-4169, 2016 WL 3970995, at *2 (E.D. La. July 25, 2016) (quashing subpoenas defendants propounded on third parties that were mailed to the incorrect address of the plaintiff, who did not receive notice of them until after they were served on the third parties, and was not served with notice in advance as required by Fed. R. Civ. P. 45(a)(4)).

These procedural defects alone require denial of the motion to enforce. Even if plaintiff's motion were not untimely, however, in large part, her requests seek documents that are not relevant to any claim or defense (e.g., requests for internal procedures for retaining video footage). As Judge Lemelle already found, Michael's did not have video footage of plaintiff's fall, as the nearest video cameras footage failed to capture the incident. And Michael's produced the footage from those two camera angles. Thus, Michael's policies for retention of video footage and/or Gallagher Bassett's retention policies or internal communications are not relevant to any claim or defense. As the information sought is not relevant, production is not proportional to the needs of the case. This factor is particularly pertinent because the subpoena is directed to a third party, and parties are obliged to take steps to minimize the burdens on third parties. FED. R. CIV. P. 45(d).

Given the absence of any evidence establishing a properly issued subpoena duces tecum, the court finds it unnecessary to address the deficient objections in response to the requests. ECF No. 44-7.

## IV. **CONCLUSION**

Plaintiff's motion fails to demonstrate that she properly issued and served the subpoena duces tecum that she now seeks to enforce. Further, her motion is untimely. In addition to these procedural deficiencies, the subpoena seeks information from a third party that is not proportional to the needs of the case. Accordingly, for the foregoing reasons.

IT IS ORDERED that Plaintiff's Motion to Enforce Subpoena (ECF No. 44) is DENIED.

New Orleans, Louisiana, this ___8th___ day of June, 2023.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE