## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

SUSAN MILLER                                      CIVIL ACTION

VERSUS                                            NO. 22-359

MICHAELS STORES INC.                              SECTION "B"(2)

### ORDER AND REASONS

Before the Court are defendant Michaels Stores Inc.'s motion for summary judgment (Rec. Doc. 14), plaintiff Susan Miller's opposition (Rec. Doc. 20), defendant's reply in support of its motion (Rec. Doc. 25), and plaintiff's supplement to her opposition (Rec. Doc. 54). For the following reasons,

**IT IS HEREBY ORDERED** that the defendant's motion for summary judgment (Rec. Doc. 14) is **GRANTED**, and the case is **DISMISSED**.

### I.   FACTS AND PROCEDURAL HISTORY

On or about February 15, 2021, Susan Miller ("plaintiff") entered into Michael's Store, Inc., d/b/a Michael's ("Michael's Stores" or "defendant") located at 300 Town Center Parkway, Slidell, Louisiana 70458. *See* Rec. Doc. 1 at 2. Miller entered the store through the left side entrance and alleges that she "suddenly and without warning, slipped and fell on a substance which had been allowed to accumulate at the entrance . . . causing [her] to fall and sustain significant injuries and damages." *Id.* Miller alleges that there were no warning signs around the area of her fall. *Id.* at 3.

1

On February 14, 2022, Miller filed the instant lawsuit in this Court against Michael's Stores, Inc. d/b/a Michael's, alleging "strict liability and/or negligence according to La. Civ. Code Art.[s] 2315, 2316, 2317, 2317.1." *Id.* at 1, 6. She claims that a result of defendant's negligence she suffered "severe and disabling injuries" to her "head, back, neck, and/or spine, arm, elbow, wrist, shoulder, knees ankle and knees[.]" *Id.* at 4-6. On January 31, 2023, defendant filed its motion for summary judgment. *See* Rec. Doc. 14. Then plaintiff responded in opposition on February 7, 2023. *See* Rec. Doc. 20. Defendant replied to plaintiff's opposition on February 13, 2023. *See* Rec. Doc. 25.

However, plaintiff's opposition raised possible discrepancies regarding the availability of security camera footage. The Court then ordered defendant to "produce to plaintiff and submit to this court via a flash drive for in camera review, any surveillance footage of the alleged incident," and further provide a statement addressing the apparent inconsistencies in its response to plaintiff's interrogatories. *See* Rec. Doc. 28. Defendant complied with the Court's order and produced the footage from two security cameras, one directed at the front entrance, the other directed at the cash registers. The camera directed at the front entrance does not capture plaintiff's fall within the video frame. The video is time stamped starting at 2:45:00 on February 14, 2021, and at around 53 seconds in, plaintiff can be seen entering the second

set of doors to defendant's store, at 55 seconds, plaintiff exits the frame entirely, then at 57 seconds plaintiff is seen reentering the frame near the ground. This video continues for 21 additional minutes. The second video provided also appears to start at 2:45:00 on February 14, 2021 but is directed at the cash registers and does not catch plaintiff's alleged fall. At 57 seconds into this video, other customers are observed turning their head in the same direction and walking out of frame. Plaintiff is not seen in this video until 10 minutes and 18 seconds into the video when she appears to get in line to check out. Plaintiff then leaves the frame for the duration of the video at 3:05:42.

## II.   <u>LAW AND ANALYSIS</u>

### A. Standard of Review

Pursuant to Federal Rule of Civil Procedure 56, summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (*quoting* Fed. R. Civ. P. 56(c)). A genuine issue of material fact exists if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). As such, the court should view all facts and evidence in the light most favorable to the non-moving party.

*United Fire & Cas. Co. v. Hixon Bros. Inc.*, 453 F.3d 283, 285 (5th Cir. 2006).

When the movant bears the burden of proof, it must "demonstrate the absence of a genuine issue of material fact" using competent summary judgment evidence. *Celotex*, 477 U.S. at 323. However, "where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence." *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994). Should the movant meet its burden, the burden shifts to the non-movant, who must show by "competent summary judgment evidence" that there is a genuine issue of material fact. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Lindsey*, 16 F.3d at 618. However, "a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *See Sec. & Exch. Comm'n v. Arcturus Corp.*, 912 F.3d 786, 792 (5th Cir. 2019).

### B. Louisiana Substantive Law

The Fifth Circuit has interpreted the United States Supreme Court's decision in *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), to "require[] that federal courts apply substantive state law when adjudicating diversity-jurisdiction claims, but in doing so apply federal procedural law to the proceedings." *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991) (citing *Hanna v. Plumer*, 380 U.S. 460 (1965)). Here, jurisdiction is based

on diversity of citizenship under 28 U.S.C. § 1332. *See* Rec. Doc. 1 at 2-3. As such, the Court must apply substantive state law. *See Cates*, 928 F. 2d at 687. Both parties seemingly concede that Louisiana substantive law should apply in the instant matter. *See* Rec. Doc. 14-1 at 3; Rec. Doc. 20 at 1.

Plaintiff's complaint alleges an action under "strict liability and/or negligence according to La. Civ. Code Art.[s] 2315, 2316, 2317, 2317.1," after an alleged slip and fall in Michael's Stores. *See* Rec. Doc. 1 at 6. Under Louisiana law, "imposition of tort liability on a merchant for a patron's injuries resulting from an accident is governed by La. R.S. 9:2800.6." *Melton v. Smith*, 41,456 (La. App. 2 Cir. 9/20/06); 940 So. 2d 89, 92. La. Rev. Stat. § 9:2800.6 is specifically "aimed at 'slip and fall' or 'trip and fall' cases." *See Littleton v. Wal-Mart Stores, Inc.*, 99-390 (La. App. 3 Cir. 12/1/99); 747 So. 2d 701, 703, writ denied, 2000-0804 (La. 5/5/00); 761 So. 2d 546. According to La. Rev. Stat. § 9:2800.6:

> A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:

> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

La. Rev. Stat. § 9:2800.6. Therefore, to succeed on a slip and fall case, the plaintiff must establish all five elements of negligence,[1] as well as the additional requirements of La. Rev. Stat. § 9:2800.6. *See White v. Wal-Mart Stores, Inc.*, 97-0393 (La. 9/9/97); 699 So. 2d 1081, 1084. Failure to prove any of these elements is fatal to plaintiff's cause of action. *See id.* at 1086. Parties here do not brief the five elements of negligence, but instead focus their briefing on the element of actual or constructive notice under La. Rev. Stat. § 9:2800.6(B)(2).

According to the statute, constructive notice means that:

> [T]he claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition

---

[1] In Louisiana, to prevail under a negligence claim a plaintiff must prove: (1) duty; (2) breach of duty; (3) cause-in-fact; (4) scope of liability or scope of protection; and (5) damages. *See Harris v. Boh Bros. Constr. Co.*, 2020-0248 (La. App. 4 Cir. 5/26/21); 322 So. 3d 397, 412.

La. Rev. Stat. § 9:2800.1(C)(1). The Supreme Court of Louisiana recognizes that "there is no bright line time period," that a claimant must show, but "[a] claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute." *White*, 699 So. 2d at 1084. "Though the time period need not be specific in minutes or hours, constructive notice requires that the claimant prove the condition existed for some time period prior to the fall." *Id.* at 1084-85. This requires the plaintiff to "come forward with positive evidence showing that the damage-causing condition existed for some period of time, and that such time was sufficient to place the merchant defendant on notice of its existence." *Id.* at 1082; *see also Kennedy v. Wal-Mart Stores, Inc.*, 98-1939 (La. 4/13/99); 733 So. 2d 1188 (clarifying *White* and holding that evidence that the area of the fall was in view of customer service and that it was raining that same evening does not establish the length of time the puddle was there before plaintiff's accident, and therefore does not satisfy the constructive knowledge requirement). Courts have also recognized that while this is not an impossible burden, it is a very high burden. *See id.* at 1085 ("This is not an impossible burden."); *Pollet v. Sears Roebuck & Co.*, No. 01-31309, 2002 WL 1939917, at *8 (5th Cir. July 18, 2002);

*Kimble v. Winn-Dixie La., Inc.*, 01-514 (La. App. 5 Cir. 10/17/01);
800 So. 2d 987, 992.

In addressing Louisiana law on actual or constructive notice,
plaintiff's counsel points to photographs of the area where
plaintiff allegedly fell, deposition testimony, and an affidavit
from plaintiff. Additionally in the summary judgment record is
video footage from two security cameras inside of the store. The
first black-and-white photograph provided by plaintiff was taken
by plaintiff after her alleged fall and shows what appears to be
a skid mark on a tile floor, which plaintiff contends "clearly
shows that her shoe slid from underneath her as a result of
stepping on a slippery substance." *See* Rec. Doc. 20 at 6; Rec.
Doc. 20-2 at 2; Rec. Doc. 20-3).[2] Plaintiff's supplement to her
opposition contained a second photograph in slightly more color
which she claims, "provides clear evidence of water, streaks, skid
marks, and the presence of a hazardous condition on the floor,
which appears to be water, precisely where the plaintiff fell."
Rec. Doc. 54 at 4. Whereas in her affidavit, plaintiff claims "at
least one employee, and a customer saw [her] fall," no such

---

[2] In plaintiff's supplement to her opposition, plaintiff seemingly alleges that
this photograph was instead produced by Michael's and she presumes it was "taken
after they had cleaned up the area in question subsequent to the plaintiff's
fall," however this directly contradicts plaintiff's sworn affidavit which
states that plaintiff took the photograph after her fall. *See* Rec. Doc. 54 at
4; Rec. Doc. 20-2 at 2.

eyewitness testimony appears in the record. *See* Rec. Doc. 20-2 at 1.

Also in plaintiff's affidavit, she claims that "an employee of Michael's told [her] that they had placed a mat on the tile floor of the right entrance because rainwater and sleet was being tracked into the store[,]" and that "they did not put any mats or 'wet floor' [signs] on the left side entrance[.]" Rec. Doc. 20-2 at 2. Plaintiff further alleges that the employee "who was wearing a red vest and name tag told [her] that the reason they had a mat on the floor and a 'wet floor' sign on the right-side entrance was because they had been dry mopping the floor from the water being tracked in and out of the store by customers[.]" *id.* However, as defendant points out, this employee "is not identified by name, gender, or any physical characteristics . . .." Rec. Doc. 25 at 1.

Courts in this circuit have routinely held that statements made by unidentified witnesses are inadmissible hearsay and not proper summary judgment evidence. *See, e.g.*, *Roach v. Walmart, Inc.*, No. 19-CV-13114, 2020 WL 4698982, at *3-4 (E.D. La. Aug. 13, 2020); *Dufrene v. Brinker La., Inc.*, No. 21-CV-1568, 2022 WL 2643870, at *3-4 (E.D. La. July 8, 2022); *Smith v. Circle K Stores, Inc.*, No. 6:18-CV-01192, 2021 WL 4853846, at *6 (W.D. La. Oct. 18, 2021). Therefore, no consideration will be given to alleged hearsay statements made by an unidentified employee/witness in this summary judgment analysis.

Video footage from two surveillance cameras positioned near the front of the store do not provide footage of the alleged fall. Whereas the video from the camera directed at the entrance depicts plaintiff entering the left-side doors and proceeding out of frame, when plaintiff returns to the frame, she is near the ground, but the video does not show the area of the alleged fall, its condition, or plaintiff falling.

Other courts have considered similar evidence in addressing motions for summary judgment on slip and fall cases brought under Louisiana law. In *Pollet v. Sears Roebuck & Co.*, 46 Fed. App'x 226 (5th Cir. 2002), plaintiff slipped and fell as she was entering Sears Department Store ("Sears") on a rainy day and brought suit against Sears in Louisiana state court alleging negligence and premise liability. *See Pollet v. Sears Roebuck & Co.*, No. 01-31309, 2002 WL 1939917, at *1 (5th Cir. July 18, 2002). The action was then removed to the Eastern District of Louisiana on diversity of citizenship grounds. *Id.* Defendant filed a motion for summary judgment arguing that it "had no knowledge of any hazardous condition causing [plaintiff's] fall," which was subsequently granted, and the case was dismissed with prejudice. *See id.* Plaintiff then appealed to the Fifth Circuit, alleging that "the Court erred in finding that [plaintiff] failed to establish as a matter of law that [defendant] had constructive knowledge of a hazardous condition that allegedly caused her fall." *Id.* at *5.

Reviewing the district court's decision *de novo*, the Fifth Circuit found that "the district court properly granted summary judgment in favor of Sears on Pollet's claim." *See id.* at *8. In so holding, the court considered two cases from the Louisiana State Supreme Court, *White v. Wal-Mart Stores, Inc.*, 97-0393 (La. 9/9/97); 699 So. 2d 1081, and *Kennedy v. Wal-Mart Stores, Inc.*, 98-1939 (La. 4/13/99); 733 So. 2d 1188. The court in *White* found that plaintiff failed to produce evidence of how long the spill had been on the floor and as such, plaintiff failed to show constructive notice. *See id.* at *6. The Fifth Circuit further found Pollet's argument that *White* was distinguishable as Pollet's claim involved inclement weather to be unpersuasive, as the Supreme Court of Louisiana held in *Kennedy* that evidence that merely indicates the area where plaintiff fell was in view of a customer service area, and that it was raining that evening, does not carry the burden of proving constructive knowledge of the condition under *White. See id.* at *6-7.

The Fifth Circuit then turned to the facts of the case and the evidence presented by plaintiff. The court noted that plaintiff presented testimony that "[a]t the time she entered Sears, it was raining," and that "[p]rior to her fall she did not see any puddle in the store entrance or notice that a mat was caught under the door." *Id.* at *7. It was only *after* plaintiff fell that she felt that her pants were wet and saw a clear liquid on the floor, and

notice skid marks from her shoes on the ground. *See id.* An asset protection manager submitted an affidavit stating that Sears had no knowledge of any hazard at the door where plaintiff fell and that there was a company policy that mandated warning cones be placed out during inclement weather. *See id.* The asset protection agent who was on the scene after the incident reported that "he saw no puddle on the floor and no mat out of place," and no warning cones by the door. *Id.* Whereas it is disputed whether there were warning cones present, the court held that "the resolution of that dispute at trial-even if in Pollet's favor-may be relevant to the issue of due care but, according to the Louisiana Supreme Court's interpretation of § 9:2800.6 in *White* and *Kennedy*, *would not establish any hazard created by a puddle or mat caught in a door existed for some time prior to Pollet's fall*." *Id.* at *8 (emphasis added). Further:

> [U]nder *Kennedy* and *White*, any evidence that it was raining, that an area in which a fall took place was visible to store personnel, and/or that Sears should have foreseen hazards created by rain puddles or misplaced door mats in high volume entrance because the merchant knew it was raining, *is not sufficient to support a finding that Sears had constructive notice*.

*Id.* Finally, the Fifth Circuit recognized, as we do here, the high bar that exists for plaintiff to establish the temporal requirement of constructive notice, and that Louisiana Supreme Court Justice Calogero, in his dissent in *White*, opined that the effect of the majority's decision would require plaintiffs in slip and fall cases

to produce an eyewitness to testify about the exact time the hazard appeared. *See id.* (citing *Kimble v. Winn-Dixie La.*, 01-514 (La. App. 5 Cir. 10/17/02); 800 So. 2d 987, 990, 992); *see also Walthall v. E-Z Serve Convenience Stores, Inc.*, 988 F. Supp. 996, 999-1000 (E.D. La. Oct. 22, 1997) (where plaintiff did not recall seeing water prior to her fall, and presented no witness to support her contention that there was water on the floor, plaintiff failed to meet her burden of proof, and summary judgment should be granted); *Batiste v. Walmart Inc.*, No. 19-CV-11474, 2021 WL 65646, at *6 (E.D. La. Jan. 6, 2021) (the court held that post-incident photographs of the area where plaintiff fell do not establish constructive knowledge).

In *Kimble v. Winn-Dixie La.*, 01-514 (La. App. 5 Cir. 10/17/02); 800 So. 2d 987, referenced by the United States Court of Appeals for the Fifth Circuit, "Plaintiff allegedly injured himself when he slipped and fell on a white substance, thought to be egg white, on the floor of the Winn-Dixie grocery in LaPlace, Louisiana." *Kimble*, 800 So. 2d at 988. At the trial court, defendant filed a motion for summary judgment alleging that "Plaintiff would not be able to bear his burden of proof under La.R.S. 9:2800.6 that Defendant had actual or constructive notice of the spilled substance because he would be unable to prove the length of time that the egg was on the floor prior to the accident." *Id.* Plaintiff opposed this motion and submitted his deposition

testimony, along with affidavits from him and his wife, that
alleged a store employee was on the scene and saw the substance,
and since the yolk was not also present, he must have attempted to
clean the substance. *See id.* Plaintiff claimed that "Based on the
totality of the circumstances . . . the issue of whether Defendant
had actual or constructive notice sufficient to impose liability
was thus, a disputed issue of fact, and that the summary judgment
should be denied." *Id.* However, the trial judge disagreed with
plaintiff and granted defendant's motion, holding that:

> [T]he only way in which a Plaintiff can recover is by
> obtaining the corroborating testimony of one of the
> Defendant's employees who presumably would have to
> testify that the employee himself was negligent for
> either not cleaning up the hazardous condition, or
> failing to notice such a condition which he should have
> noticed had he exercised reasonable care.

*Id.* Plaintiff the appealed to the Fifth Circuit Court of Appeal
for the State of Louisiana, alleging that "the trial judge erred
in granting the motion for summary judgment," as they
"misrepresented the Plaintiff's burden of proof under La. R.S.
9:2800.6 and *White v. Wal-Mart Stores, Inc.*, 97-0393 (La.9/9/97),
699 So.2d 1081." *Id.* After reviewing the trial court's grant of
summary judgment *de novo*, the appellate court affirmed the lower
court's judgment. *See id.* at 991-92. In addition to the parties'
briefings, the court considered plaintiff's deposition testimony
where he stated that "he did not know how long the substance was
on the floor," and plaintiff's and his wife's affidavits. *See id.*

991-92. However, the court found that the affidavits "do not provide factual support that Defendant's employee tried to clean up the egg material on the floor, and that, as a result, Defendant knew or should have known of the hazardous condition and failed to correct it." *Id.* at 992. The court reasoned, as we again recognize, "the jurisprudence from the Louisiana Supreme Court interpreting R.S. 9:2800.6 has made it almost impossible for a plaintiff to prove the temporal element to show constructive notice of a hazardous condition in a slip and fall case," and plaintiff's evidence, following binding Louisiana Supreme Court precedent, "fall[s] short of the proof necessary for Plaintiff to prove the elements of actual or constructive notice at trial . . . ," and therefore the appellate court affirmed the district court's grant of summary judgment. *Id.*

The United States Court of Appeals for the Fifth Circuit in *McDowell v. Wal-Mart Stores, Inc.*, 811 Fed. App'x 881 (5th Cir. 2020), again considered similar circumstances. *See McDowell v. Wal-Mart Stores, Inc.*, 811 Fed. App'x 881 (5th Cir. 2020). In *McDowell*, plaintiff was shopping in Wal-Mart when she slipped and fell in a grocery aisle. *Id.* at 882. Plaintiff then sued Wal-Mart in Louisiana state court, and the suit was subsequently removed to federal court. *See id* at 883. The district court then granted defendant's motion for summary judgment and found that plaintiff failed to show that Wal-Mart had actual or constructive notice of

the water as required by Louisiana law. *Id.* The Fifth Circuit, after reviewing the district court's decision *de novo*, affirmed the lower court's granting of summary judgment. *See id.* at 885. The Fifth Circuit reasoned that plaintiff presented "no positive evidence of how long the water on which she fell was there before her accident." *Id.* at 884. While plaintiff presented surveillance footage from two nearby cameras, the "videos captured part of one entrance to the aisle and all of the other entrance," but not plaintiff's fall in the aisle." *See id.* at 882. The videos did show "two other people enter[] the aisle in the ninety seconds before McDowell did and, by all indications, exited after the events in question . . . ." *Id.* at 884.[3] Notably the Fifth Circuit points out that plaintiff "presented no surveillance footage of the spill, the water on the ground, or her fall; nor has she provided any other evidence such as testimony." *Id.* The court held that plaintiff did not carry her burden of proof as she presented "no positive evidence of how long the water at issue was on the floor before she fell," and that a lack of evidence is not sufficient to create a factual dispute on constructive notice. *See id.* at 885.

---

[3] The Fifth Circuit goes on to describe the videos more in-depth, sating "For example, less than ten minutes before McDowell enters the aisle, surveillance footage shows a man with what appears to be an empty cart entering the aisle. Less than a minute later, a woman with a full cart enters the aisle. Then, a man with what looks to be a gallon of milk in his cart follow. About five minutes before McDowell's fall, a woman with a small child and full cart enters the aisle." *McDowell*, 811 Fed. App'x at 882 n.1.

Plaintiff's reliance on *Bagley v. Albertsons Inc.*, 492 F.3d 328 (5th Cir. 2007), is unfortunately misplaced. *See* Rec. Doc. 20 at 10. The court in *McDowell* addressed a similar argument and held that "*Bagley* involved unique facts," and was therefore distinguishable. *See McDowell*, 811 Fed. App'x at 884. The Fifth Circuit in *McDowell* reasoned that *Bagley* involved a plaintiff who slipped and fell on supposed meat blood and "when a fireman came to assist the plaintiff after she fell, he too slipped in the liquid," and later testified that the "meat blood extended down the aisle and into the adjoining aisle." *Id.* (internal quotations omitted). Based on the "size of the spill, the likelihood that the liquid came from a package of meat in a shopping cart, and the fact that no other customer was on the aisle when the plaintiff fell," the *Bagley* court made a "reasonable inference" that the hazard existed for some period of time prior to the accident. *See id.* However, the *McDowell* court noted that no such facts existed before it and *Bagley* was therefore distinguishable. *See id.* Here, the facts of this matter resemble more closely *McDowell* than *Bagley*, and as such, this Court finds *Bagley* distinguishable for the same reasons stated in *McDowell*.

The Louisiana Court of Appeal for the Third Circuit in *Fountain v. Wal-Mart Stores, Inc.*, 19-669 (La. App. 3 Cir. 3/18/20); 297 So. 3d 100, affirmed the lower court's grant of summary judgment where plaintiff slipped and fell in a puddle of

water inside a Wal-Mart store while it was raining outside, and plaintiff failed to establish constructive notice. *See Fountain v. Wal-Mart Stores, Inc.*, 19-669 (La. App. 3 Cir. 3/18/20); 297 So. 3d 100 at 109-10. Plaintiff presented testimony that he had not seen the puddle before the fall, and that there was a skid mark where his foot slipped. Citing applicable jurisprudence, the court rejected plaintiff's argument that the skid mark established the temporal element. *See id.* at 103, 107. Plaintiff further contended that "a Wal-Mart employee told him the water on the floor where he slipped came from a lady who came in and shook a broken umbrella in the store[,]" but the Fifth Circuit found this "self-serving dispositional testimony and his reliance on a hearsay statement from an unidentified Wal-Mart worker [to be] insufficient to establish Wal-Mart's constructive notice." *Id.* at 107. Finally, the court considered video surveillance of the area where plaintiff slipped and fell that showed "numerous people came into the store from the rain and that they could have tracked the water into the store during the forty minutes to an hour prior to the accident." *Id.* However, the Fifth Circuit held that:

> [U]nder *Kennedy*, any evidence that it was raining, that an area in which a fall occurred was visible to store personnel, and/or that Wal-Mart should have foreseen the hazard created by rain puddles at or near the entrance of this high volume store because it knew it was raining, is insufficient to support a finding that it had constructive notice.

*Id.* at 109. Therefore, finding that plaintiff did not present evidence as to the length of time the puddle was on the floor prior to the accident, the court affirmed the lower court's grant of summary judgment. *See id.* at 109-10.

It is worth noting that plaintiff cites to our opinion in *Bourgeois v. AIG Ins. Co.*, No. 08-CV-759, 2009 WL 1033780 (E.D. La. Apr. 16, 2009) (J., Lemelle). *See* Rec. Doc. 20 at 11. In *Bourgeois*, this Court in part considered that "almost all the cases relied upon by the parties . . . involved appeals after trial on the merits rather than summary judgment determinations," and ultimately determined that based on disputed material facts in the record, "summary disposition at this stage would be inappropriate." *Bourgeois v. AIG Ins. Co.*, No. 08-CV-759, 2009 WL 1033780, at *4 (E.D. La. Apr. 16, 2009) (Lemelle, J.). However, the Court finds the jurisprudence discussed herein to be more persuasive in light of recent decisions such as *McDowell*, *Batiste*, and *Fountain*, which all considered motions for summary judgment and were decided well after *Bourgeois*.[4] Therefore, our holding in *Bourgeois* is inapplicable in the current context of Louisiana jurisprudence and interpretation of same by the federal Fifth Circuit.

---

[4] While the Court further considers *Pollet* and *Kimble* to be highly persuasive in the instant matter, as they both reviewed motions for summary judgment, the Court recognizes that these cases were available at the time of the *Bourgeois* ruling.

In this case, plaintiff presents similar evidence and arguments that were considered in *Pollet*, *Kimble*, *McDowell*, and *Fountain*. Plaintiff presents two photographs of skid marks on the ground where plaintiff allegedly fell that were taken after the accident. *See* Rec. Doc. 20-3; Rec. Doc. 47-6. Whereas plaintiff contends this "clearly shows that her shoe slid from underneath her as a result of stepping on a slippery substance," courts have consistently held that pictures of skid marks taken after the fall do not constitute actual or constructive notice of a hazard. *See, e.g.*, *Pollet*, 2002 WL 1939917, at *7; *Fountain*, 297 So. 3d at 103 (testimony of skid mark does not establish constructive notice); *Batiste*, 2021 WL 65646, at *6 (photographs taken after the incident do not alone establish constructive notice). Additionally, defendant provided the Court with video footage from two surveillance cameras toward the entrance of defendant's store. As in *McDowell* these cameras do not capture plaintiff's fall. However, plaintiff contends that the video and requests for admission establish that Michael's was not following their own internal protocols, as they did not place a warning sign by the left entrance near where plaintiff fell. *See* Rec. Doc. 54 at 1-4. This too falls short of demonstrating constructive notice. Evidence that warning signs may or may not be present goes to the issue of due care, not constructive notice. *See Pollet*, 2002 WL 1939917, at *8. Any argument that additional video footage from prior to

plaintiff's fall would establish constructive notice, is also unpersuasive. The jurisprudence is clear, evidence of rain or that defendant should have foreseen the hazard because the store knew it was raining "is insufficient to support a finding that it had constructive notice." *See Fountain*, 297 So. 3d at 109 (citing *Kennedy*, 733 So.2d 1188). Without factual or legal basis to differ from the jurisprudence cited herein, there is no genuine issue of material fact. Absent admissible positive summary judgment evidence that any hazard existed for any amount of time prior to plaintiff's fall, the instant claims fail as a matter of law and the case must be dismissed.

New Orleans, Louisiana this 9th day of June, 2023

_____
SENIOR UNITED STATES DISTRICT JUDGE